UNITED STATES of America, Appellee,

v.

Frank SACCO, a/k/a "St. Francis Sacco", Defendant–Appellant.

No. 591, Docket 89–1341.

United States Court of Appeals, Second Circuit.

Submitted Jan. 17, 1990.

Decided March 19, 1990.

---

Michael L. Tabak, New York City, Asst. U.S. Atty., S.D.N.Y. (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Kerri Martin Bartlett, Asst. U.S. Atty., of counsel), for appellee.

Frank Sacco, pro se.

Before FEINBERG, PRATT, and MAHONEY, Circuit Judges.

PER CURIAM:

Frank Sacco appeals from a judgment of conviction and sentence entered in the United States District Court for the Southern District of New York, Charles L. Brieant, Chief Judge, following his plea of guilty to participating in a racketeering enterprise in violation of 18 U.S.C. § 1962(c). The charges against Sacco stemmed from his involvement in the illegal but highly lucrative operation of two hazardous waste sites north of New York City, the "Tuxedo" site and the "Skibitsky" site, as well as various acts of bribery, witness tampering, mail and wire fraud, and other criminal activities that accompanied the operation of the dumps.

Sacco pled guilty to a single racketeering charge of a multi-count indictment and, as part of his cooperation agreement with the government, allocuted to the five racketeering predicates charged in the indictment. The district court imposed an 80–month term of imprisonment under the guidelines.

■ Sacco contends that his sentence should be vacated because the guideline on which it was based, U.S.S.G. § 2E1.1, violates due process. Section 2E1.1 provides that the base offense level for racketeering offenses is the greater of either level 19 or the level applicable to the underlying racketeering activity, which, if it involved more than one underlying offense, as it did here, is "treat[ed] [as if] each underlying offense [is] contained in a separate count of conviction". U.S.S.G. § 2E1.1, comment. (n.1). Sacco argues that this provision is not "rationally related to the achievement of a legitimate government interest" because it allowed the district court to base his sentence on all five of the underlying predicate acts, even though only two such acts were necessary for conviction.

Sacco's argument is without merit. A RICO offense is by definition an aggregation of underlying criminal acts, and there is nothing irrational in basing the severity of the sentence on all of the acts that were actually committed rather than on merely two. For example, it would be rational to impose a harsher sentence on an offender who, through an enterprise, committed two acts of mail fraud plus an act of murder, as compared to one who committed two acts of mail fraud alone, even though both would be equally guilty of the crime of "racketeering". To argue otherwise borders on the absurd.

■ Sacco also takes exception to the manner in which his predicate acts were grouped under Ch. 3, Part D of the guidelines. That part requires the sentencing court to group together all counts involving

substantially the same harm before determining the combined offense level. *See* U.S.S.G. §§ 3D1.1; 3D1.2. The government concedes that the district court should have grouped the Tuxedo frauds together with the Skibitsky fraud as a single "count" rather than treating them as separate "counts" for sentencing purposes. But even if these acts had been properly grouped, the sentencing range ultimately reached would not have changed. Because the court's grouping error made no difference in the sentence, it was harmless beyond a reasonable doubt.

We have given careful consideration to Sacco's remaining arguments, including his assertion that the district court lacked a sufficient factual basis to calculate the amount of "loss" attributable to the Tuxedo and Skibitsky frauds, but we find all his contentions to be without merit. Accordingly, we affirm the judgment of the district court.