UNITED STATES of America, Appellee,

v.

**Robert L. STEPHENSON,
Defendant–Appellant.**

**No. 400, Docket 90–1365.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 22, 1990.

Decided Dec. 17, 1990.

onment for extorting and soliciting a bribe and making false statements to a federal agent. Judge Stewart also imposed a $100,000 fine on Stephenson. Stephenson is currently serving the sentence.

On this appeal, the defendant-appellant contends that the district court erred by applying the Sentencing Guidelines in effect at the time he was originally sentenced ("October 1988 Guidelines"), rather than applying a combination of the October 1988 Guidelines and the Guidelines in effect at the time of resentencing ("November 1989 Guidelines"). Stephenson also claims that the district court erred by upwardly departing pursuant to § 5K2 of the Sentencing Guidelines rather than pursuant to § 4A. Finally, Stephenson argues that the district court erred by failing to group count three with counts two and four under § 3D1.2 of the Guidelines. For the reasons set forth below, we vacate the judgment of the district court and remand for further proceedings.

## BACKGROUND

In this Court's disposition of defendant-appellant's first appeal, *United States v. Stephenson*, 895 F.2d 867 (2d Cir.1990), the Court set forth the facts of this case in detail. Consequently, we will discuss only those facts which are relevant to this appeal.

Stephenson was formerly employed as an Export Licensing Officer at the United States Department of Commerce in Washington, D.C. His responsibilities included reviewing licensing applications from companies seeking to export high technology equipment. At trial, evidence was adduced that while he was a Department of Commerce employee, Stephenson began accepting unlawful payments from officials at C.H. International ("CHI"), a small exporting firm, in exchange for the improper issuance of export licenses. According to trial testimony, CHI paid Stephenson over

Henriette D. Hoffman (The Legal Aid Society Federal Defender Services Unit, New York City, of counsel), for defendant-appellant.

Steven A. Standiford, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Michele Hirshman, Asst. U.S. Atty., of counsel), for appellee.

Before MESKILL and ALTIMARI, Circuit Judges, and CONNER, Senior District Judge.[*]

ALTIMARI, Circuit Judge:

Defendant-appellant Robert L. Stephenson appeals from an amended judgment, entered in the United States District Court for the Southern District of New York (Charles E. Stewart, *Judge*), imposing concurrent thirty-eight month terms of impris-

[*] The Honorable William C. Conner, United States District Court for the Southern District of New York, sitting by designation.

$100,000 in cash and merchandise to obtain the licenses.

In 1987, a representative of Zamax Co. ("Zamax"), another export company, approached CHI's shipping manager and requested her assistance in preparing and submitting export license applications to the Department of Commerce. Upon receipt of these applications, Stephenson telephoned Ken Yeh, a Zamax vice president, and accused Zamax of intentionally understating the value of the equipment that it sought to export. After several conversations with Stephenson, Yeh became convinced that Stephenson was soliciting a bribe. Yeh informed the president of Zamax, Wilson Chang, of his suspicions. Chang then contacted the Federal Bureau of Investigation ("FBI"), which directed him to arrange a meeting with Stephenson. At this meeting, which Chang secretly recorded, the two men agreed that Chang would pay Stephenson $35,000 to "resolve the problems" with the license.

Subsequently, Stephenson began telling co-workers that Chang had offered him a bribe. On November 30, 1987 he falsely informed a Department of Commerce special agent that a Chinese businessman had attempted to bribe him, but that he had refused the offer. One day later, Stephenson told the same story to another Department of Commerce special agent, Michael Dubensky. Stephenson then enlisted the former president of CHI to call Dubensky and inform him that Chang had committed numerous export violations.

Stephenson was later arrested and charged with four separate offenses. Count one of the indictment charged him with conspiring with CHI employees to commit bribery in violation of 18 U.S.C. § 371; count two charged him with extorting $35,000 from Zamax in violation of 18 U.S.C. § 1951(b)(2); count three charged him with accepting a $35,000 bribe from Zamax in violation of 18 U.S.C. § 201(b)(2); and count four charged him with making false statements to a federal agent in violation of 18 U.S.C. § 1001. Following a jury trial, Stephenson was acquitted of count

one and was found guilty of the remaining three counts.

Applying the Sentencing Guidelines then in effect, the district court determined that the proper combined adjusted offense level was 20. Pursuant to the Sentencing Guidelines, the court sentenced Stephenson to three concurrent thirty-eight month terms of imprisonment and, in addition, imposed a $100,000 fine and a $500 special assessment. On Stephenson's initial appeal, this Court found that the district court erred by making an upward departure without articulating its rationale. Accordingly, the Court vacated the sentence and remanded the case for further proceedings. *Stephenson*, 895 F.2d at 878.

Prior to Stephenson's resentencing, the November 1989 Guidelines were promulgated. The district court determined that application of the November 1989 Guidelines would result in imposition of a harsher sentence than would application of the October 1988 Guidelines. Therefore, Stephenson was resentenced on the basis of the October 1988 Guidelines. In calculating Stephenson's offense level, the district court grouped together counts two and four, but concluded that § 3D1.2(d) of the Guidelines prohibited it from grouping counts two and three. Additionally, upon finding, by preponderance of the evidence, that Stephenson had accepted $100,000 in bribes from CHI "in connection with" the counts on which he was found guilty, the court made a two point upward departure pursuant to 18 U.S.C. § 3553(b). Joint Appendix ("J.A.") at 115. Consequently, Stephenson was sentenced to three concurrent thirty-eight month terms of imprisonment on counts two, three and four and was fined $100,000. This appeal followed.

## DISCUSSION

A. *Application of the November 1989 Guidelines*

█ Before Stephenson was resentenced, the October 1988 Guidelines, which were in effect on the date Stephenson was originally sentenced, were amended by the November 1989 Guidelines. Upon determining that application of the November

1989 Guidelines would result in a three level increase in the base offense level, the district court sentenced Stephenson under the October 1988 Guidelines. J.A. at 104. *See generally, Miller v. Florida*, 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); *see also United States v. Suarez*, 911 F.2d 1016 (5th Cir.1990); Hutchinson & Yellin, *Federal Sentencing and Practice* § 10.2 (1989) (*"Miller* thus seems to foreclose retrospective application of revised sentencing guidelines when the change made in the guidelines increase[s] the applicable penalty."). Stephenson argues that because 18 U.S.C. § 3553(a)(4) requires that sentences be calculated according to the Guidelines and policy statements in effect at the time of sentencing, he is entitled to the benefit of the intervening amendments. In essence, Stephenson challenges the district court's decision to apply the October 1988 Guidelines as a whole rather than considering each amended provision in isolation and applying only those amended provisions redounding to his benefit.

The Sentencing Commission intended the Guidelines to be applied as a "cohesive and integrated whole." *United States v. Kikumura*, 918 F.2d 1084, 1109 (3d Cir.1990); *see* United States Sentencing Commission, *Guidelines Manual* § 1B1.1 (Nov. 1987) ("Guidelines Manual"); *see also United States v. Lawrence*, 916 F.2d 553, 555 (9th Cir.1990) ("By allowing the guidelines to take effect, Congress has sanctioned the approach of the Commission, which, as expressed by the Commission's 'Application Instructions' of § 1B1.1, requires that guidelines be read as a whole."). Applying various provisions taken from different versions of the Guidelines would upset the coherency and balance the Commission achieved in promulgating the Guidelines. Such an application would also contravene the express legislative objective of seeking uniformity in sentencing. *See* Guidelines Manual at § 1B1.1. We therefore reject Stephenson's argument that the district court erred by failing to apply the intervening amendments in a piecemeal manner.

**B. *Upward Departure***

 Stephenson next contends that the district court erred by upwardly departing on the basis of § 5K2 rather than on the basis of § 4A. Because sentencing judges are afforded considerable latitude in making upward departures, *see United States v. Palta*, 880 F.2d 636, 639 (2d Cir.1989); *United States v. Sturgis*, 869 F.2d 54, 56 (2d Cir.1989), this Court reviews upward departures under a reasonableness standard. *United States v. Correa–Vargas*, 860 F.2d 35, 36–37 (2d Cir.1988).

 The Sentencing Guidelines endow the district court with the discretion to select the method of accomplishing an upward departure, provided that the method chosen is reasonable. An upward departure pursuant to § 5K2 is warranted in those instances when an aggravating circumstance occurring "in connection with" the crime of conviction is not adequately taken into account under the Guidelines. *United States v. Kim*, 896 F.2d 678, 683 (2d Cir.1990). Here, the district court determined, by a preponderance of the evidence, that the Zamax bribes were solicited as a result of Stephenson's ongoing criminal relationship with the shipping manager of CHI. Moreover, trial testimony revealed that Stephenson requested CHI's president to make false representations to federal agents in order to stymie their investigation of Stephenson's pattern of illegal activity. The district court therefore concluded that the CHI bribes were related to "the crime of conviction." We conclude that the district court's interpretation of the facts and its application of § 5K2 were reasonable.

**C. *Proper Grouping of Counts Two, Three and Four***

 Finally, Stephenson contends that the district court erred by failing to group counts two and three—the bribery count and the extortion count—on the basis of § 3D1.2(a). Section 3D1.2(a) provides that counts may be grouped "[w]hen [the] counts involve the same victim and the same act or transaction." U.S.S.G. § 3D1.2(a). The government concedes that

**442**

the district court misread § 3D1.2 by inferring that § 3D1.2(d)'s prohibition against grouping bribery and extortion counts precluded grouping of those counts under § 3D1.2(a) as well. It is understandable that the district court, faced with the arduous task of determining whether to apply the October 1988 or the November 1989 Guidelines, did not focus on how the counts should be grouped.

Although the government concedes that the district court erred by failing to group counts two and three, it argues that such a failure was "harmless error." *See United States v. Sacco*, 899 F.2d 149, 151 (2d Cir. 1990) (*per curiam*). According to the government, the judge erred by grouping counts *two* and *four* and, as a result, arrived at the same combined adjusted offense level that would have been obtained if all of the offenses had been grouped correctly. However, we find that it was not improper to group counts two and four under § 3D1.2. If count three had been grouped with counts two and four as permitted, the combined adjusted offense level would have resulted in a lower figure than the district court calculated. We therefore reject the government's argument that the court's failure to group counts two and three was harmless error. Accordingly, we must vacate the sentence and remand this case to the district court for further proceedings.

## CONCLUSION

Based on the foregoing, the amended judgment of conviction entered by the district court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.