966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Woodrow Wilson MILES, Defendant-Appellant.
 No. 91-7286.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 24, 1991
Decided: June 3, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-88-33-R, CA-90-359)
 Woodrow Wilson Miles, Appellant Pro Se.
 Stephen Wiley Miller, Office of the United States Attorney, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Woodrow Wilson Miles, a federal prisoner, appeals from the district court's order denying relief on his motion under 28 U.S.C. § 2255 (1988). We affirm the bulk of the court's order denying relief, though we remand to correct an error in sentencing.
 
 
 2
 Miles was charged in a multiple-count, superseding indictment alleging numerous firearms violations and related offenses. Miles pled guilty to seven counts, one was dismissed by the Government, and a jury convicted him on the remaining nineteen counts. Some of the charged offenses occurred before the effective date of the sentencing guidelines, some after, and a conspiracy charge straddled the effective date; consequently, Miles was sentenced both under the guidelines and under pre-guidelines law. Miles ultimately received fifty-one months under the guidelines on count one, the conspiracy charge, to be followed by five separate, consecutive five year terms under prior sentencing law on counts two through six. The sentences on the remaining counts were either suspended or made to run concurrent with other sentences. Miles appealed and his convictions and sentences were affirmed by this Court. United States v. Miles, No. 885681 (4th Cir. Feb. 7, 1990) (unpublished), cert. denied, 59 U.S.L.W. 3246 (U.S. 1990).
 
 
 3
 Miles then filed the present motion under § 2255 raising three general grounds for relief: (1) he received ineffective assistance of counsel; (2) the special assessment required by 18 U.S.C.A. § 3013 (West 1985 & Supp. 1991) is unconstitutional; and (3) the presentence report contained erroneous information. The ineffective assistance claim was broken down into numerous sub-claims. The district court granted the Government's motion for summary judgment. Miles filed a late notice of appeal and the district court properly granted his motion to allow late filing.
 
 
 4
 Except for Miles's claim that counsel was ineffective for failing to object to the manner in which the court grouped the counts for sentencing purposes, we affirm the denial of relief on all claims on the reasoning of the district court.
 
 
 5
 Miles was sentenced under the guidelines[1] on the following counts, for offenses occurring prior to June 14, 1988: count one, conspiracy to violate 18 U.S.C.A. § 922(a)(5) (West Supp. 1991); counts seven though eleven, violations of 18 U.S.C. § 922(e) (1988); and counts thirty-six and thirty-seven, violations of 18 U.S.C.s 922(a)(6) (1988). In sentencing Miles the district court treated each of these eight counts as a distinct group, resulting in a five-point enhancement in the overall offense level. Counsel did not object to this grouping at sentencing, but argued on appeal that the conspiracy count should have been grouped with the substantive counts under section 3D1.2(c).[2] We rejected this argument.
 
 
 6
 Miles contends in his § 2255 motion that counsel should have objected to the district court's failure to group the substantive counts together under section 3D1.2(d). The district court denied relief because this Court had rejected counsel's grouping argument on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). Because Miles presents a different argument in his § 2255 motion than was decided on appeal, we do not think that Boeckenhaupt bars consideration of his ineffective assistance claim on the merits.
 
 
 7
 In the case of a multiple-count indictment, the guidelines require the district court to group all closely-related counts for sentencing purposes. U.S.S.G. § 3D1.1(a). Specifically, the court "shall" group together all counts involving "the same general type of offense" where the guidelines "determine the offense level primarily on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm." U.S.S.G. § 3D1.2(d). This guideline is specifically made applicable to Miles's convictions under § 922(e).[3] U.S.S.G. § 3D1.2(d); U.S.S.G. App. A; U.S.S.G. § 3D1.2, comment. (n.6). In addition, we have held that grouping of § 922(a)(6) violations is also proper under this guideline. United States v. Wessells, 936 F.2d 165 (4th Cir. 1991).
 
 
 8
 In its grouping of the eight counts of the indictment under section 3D1.2 the district court erred; the court failed to treat closely related counts as a single group as required by section 3D1.1. Instead, it treated each count as a separate group and arrived at a total of eight groups, resulting in a five-level enhancement under section 3D1.4.
 
 
 9
 We held on direct appeal that count one, the conspiracy count, is to be treated as a separate group. In addition, the guidelines in effect at the time Miles committed the offenses required the § 922(e) violations to be grouped together. Thus, there must be a minimum of two groups. The potential for variation arises from the manner in which the § 922(a)(6) violations, counts thirty-six and thirty-seven, can be handled. As we noted in Wessells, grouping of § 922(a)(6) violations is not mandatory, but is permissible. In this situation, the manner in which the counts are grouped rests in the district court's discretion.[4] Wessells, 936 F.2d at 168.
 
 
 10
 Depending on whether the district court consolidates the § 922(a)(6) violations with the § 922(e) violations into a single group, treats counts thirty-six and thirty-seven as a separate group, or does not group those counts at all, an overall total of two, three, or four groups, respectively, would result. All of these combinations would result in a lower overall offense level than the one Miles received at his initial sentencing. We leave it to the district court's discretion on remand to determine which method of grouping of counts thirty-six and thirty-seven is appropriate.
 
 
 11
 Though the guidelines are admittedly technical, they mandate the grouping of closely related counts and they prohibit the grouping of counts in the manner adopted by the district court. Competent criminal counsel should have been aware of the flaw in the sentencing computations. Prejudice is present because under any calculation Miles would have fallen within a sentencing range lower than that under which he was actually sentenced.[5]
 
 
 12
 In conclusion, we find that counsel was ineffective for failing to object to the district court's improper grouping of counts under section 3D1.2 and that a remand for resentencing is required. We affirm the denial of relief on the remainder of Miles's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART
 
 
 
 [1]
 If applying the guidelines currently in effect would result in a harsher sentence the Ex Post Facto Clause requires application of the guidelines applied at the original sentencing. See United States v. Stephenson, 921 F.2d 438, 440-41 (2d Cir. 1990). Similarly, if the guidelines in effect at the time of the original sentencing impose greater penalties than those in effect at the time the offense was committed, those in effect at the time of the offense must be applied. United States v. Morrow, 925 F.2d 779, 782-83 (4th Cir. 1991)
 The guidelines in effect as of November 1, 1991, result in harsher penalties for Miles than those in effect at the time of the original sentencing. In addition, those in effect at the time of the offense were arguably more favorable than those in effect at the original sentencing because the former explicitly refer to grouping the bulk of Miles's offenses. Accordingly, upon remand the district court shall apply the guidelines in effect at the time the offenses were committed. All references to the guidelines in this opinion are therefore to the January 1988 version of the Guidelines Manual unless otherwise indicated. United States Sentencing Commission, Guidelines Manual (Jan. 1988).
 
 
 [2]
 Miles sought grouping of the guidelines counts charging violations of §§ 922(e) and 922(a)(6) with the guidelines count of conspiracy to violate § 922(a)(5). We rejected the argument because those substantive offenses were unnecessary to implementation of the § 922(a)(5) conspiracy
 
 
 [3]
 At the time the offenses were committed Appendix A did not assign a specific guideline to violations of § 922(e). In such cases the guidelines instruct the court to apply the "most analogous" guideline. U.S.S.G. § 2X5.1. The district court applied U.S.S.G. § 2K2.3 to the § 922(e) violations. We agree that this was the most analogous guideline. Consequently, U.S.S.G. § 3D1.2(d) applies to the § 922(e) violations
 
 
 [4]
 In Wessells, we upheld the district court's decision to group § 922(a)(6) offenses which it found to be part of the same course of criminal conduct and to not group § 922(a)(6) offenses which were part of an independent course of conduct. Wessells, 936 F.2d at 168-69
 
 
 [5]
 Because resentencing is in order, we note that the district court's erroneous grouping resulted in an incorrect calculation of the enhancement under U.S.S.G. § 2K2.3(b)(1) for the number of weapons involved. Rather than enhancing each individual count for the number of weapons involved in that count, the district court should group all related counts, aggregate the number of weapons involved, and give one enhancement based upon the aggregate amount. U.S.S.G. § 3D1.3(b)