**UNITED STATES of America, Appellee,**

v.

**Harvey ALTER, Defendant–Appellant.**

**No. 357, Docket 92–1280.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1992.

Decided Feb. 8, 1993.

Michael Young, New York City, for defendant-appellant.

Paul A. Engelmayer, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty., S.D.N.Y., Peter K. Vigeland, John W. Auchincloss II, Asst. U.S. Attys., of counsel), for appellee.

Before VAN GRAAFEILAND and McLAUGHLIN, Circuit Judges, and POLLACK, District Judge.*

PER CURIAM:

Harvey Alter appeals from a judgment of the United States District Court for the Southern District of New York (Kenneth Conboy, *Judge*), convicting him, after a plea of guilty to bribery, in violation of 18 U.S.C. § 201(b)(2) (1988 & Supp. III 1991). He challenges the district court's decision to sentence him to 60 months' imprisonment. For the reasons set forth below, we vacate and remand for resentencing.

Alter was the executive director and co-owner of Manhattan House, a private halfway house under contract with the federal government to house approximately 100 federal inmates. His responsibilities included directing applications for admission, securing jobs and job training opportunities for residents, approving overnight passes, imposing minor sanctions, and recommending to the Bureau of Prisons major sanctions, including return to prison. In June 1990, a grand jury indicted Alter on 20 counts for using his position to coerce five Manhattan House residents to engage in sexual conduct with him through threats and promises.

Pursuant to a written plea agreement, Alter pleaded guilty to a single count of bribery for demanding and receiving from resident Donald V. sexual and sado-masochistic favors in exchange for money, drugs, and Alter's promise of favorable treatment. However, in the plea colloquy, Alter did not admit that he had provided Donald V. with anything more than a pass to leave the halfway house. The plea agreement reserved the government's rights (1) to prove, for purposes of sentencing, the details of Alter's amorous advances to others in his custody, and (2) to seek an upward departure from the Sentencing Guidelines ("Guidelines").

Over Alter's objection, the district court held a *Fatico* hearing, and subsequently issued a 40-page opinion and order, setting forth its findings of fact and its application of the Guidelines. The district judge found that: (1) Donald V.'s "principal motive" for engaging in sex with Alter had been his "desire to abuse drugs without detection or penalty;" (2) in exchange for sexual favors, Alter had provided Donald V. with valium, marijuana, and money and passes to leave Manhattan House so that he could buy drugs; (3) Alter had solicited two other residents, Gary O. and Jose L., "to have sex with him in exchange for drugs, destroying urine samples, or overlooking disciplinary violations;" and (4) Alter had provided false information by stating in a preliminary hearing that he had told the Department of Justice and the Bureau of Prisons all the relevant facts concerning his relationship with Donald V.

---

* Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

Turning to the Guidelines, the district court established a base level of 10 for bribery under § 2C1.1. It then added a two-level upward adjustment for obstruction of justice, and subtracted a two-level downward adjustment for acceptance of responsibility. This would have left a total adjusted offense level of 10, yielding a sentencing range of 6–12 months.

The district court, however, concluded that an offense level of 10 was inadequate because the Guidelines failed to account for three independent aggravating circumstances, each of which required "a substantial upward departure" in Alter's sentence: (1) that Alter's conduct constituted an "abuse of the warder/inmate relationship" with Donald V., Jose L., and Gary O.; (2) that the entire affair had a "widely disruptive impact" upon both Manhattan House and the federal corrections system; and (3) that Alter facilitated Donald V.'s drug abuse.

The district court then quantified the three aggravating factors. First, the court added an 11–level upward departure for Alter's abuse of the warder/inmate relationship. To reach 11, the court equated Alter's conduct with Jose L. (with whom he had sex) to the offense of sex with a person under one's official custody, 18 U.S.C. § 2243(b), a crime with a base offense level of 9. U.S.S.G. § 2A3.3. To this it added 2 more levels because of Alter's relationship with Gary O., with whom Alter did not have sex. The district judge stated that he had considered lesser departures but had concluded that they would "not adequately take into account the circumstances involved."

For Alter's "significant disruption of a governmental function," the district judge found no analogous federal offense but departed upwards another 3 levels. For his facilitation of Donald V.'s drug use, the district court found that the most analogous offense was the introduction of non-narcotic drugs or money into a federal prison, 18 U.S.C. § 1791(c)(1)(D), with a base offense level of 6. U.S.S.G. § 2P1.2(a)(3). The court added only 3 of these 6 levels to the total offense level, stating that it had considered but rejected as inappropriate lower departures.

These departures added 17 levels (11 + 3 + 3) to the base offense level of 10. The district court then subtracted 2 levels for acceptance of responsibility,[1] arriving at a total offense level of 25, with a resulting Guidelines range of 57–71 months. On April 30, 1992, the district court sentenced Alter to 60 months' imprisonment, to be followed by a three-year term of supervised release.

Alter raises a panoply of challenges to his sentencing. We have reviewed each claim and find all of them meritless, save one—his claim that the district court failed to apply the Guidelines grouping rules, U.S.S.G. §§ 3D1.1–3D1.5, in determining the extent of its departure.

"Once acts of misconduct have been identified as warranting departure ... the multi-count analysis of sections 3D1.–1–.5. ... *must* initially be used by a judge contemplating enhanced punishment for acts of misconduct not resulting in conviction." *United States v. Kim*, 896 F.2d 678, 684 (2d Cir.1990) (emphasis added). The district court, therefore, was required, at least initially, to apply the multi-count analysis.

The government argues that several of our decisions since *Kim* have abandoned the formal requirements of that case, *see United States v. Rodriguez*, 968 F.2d 130, 140 (2d Cir.) ("*Kim* and its progeny were not, however, intended to be a straightjacket."), *cert. denied,* —— U.S. ——, 113 S.Ct. 139, 121 L.Ed.2d 92, *cert. denied,* —— U.S. ——, 113 S.Ct. 140, 121 L.Ed.2d 92, *and cert. denied,* —— U.S. ——, 113 S.Ct. 663, 121 L.Ed.2d 588 (1992), in favor of a flexible case-by-case approach where " 'sentencing judges are afforded considerable latitude in making upward departures.' " *United States v. Campbell*, 967 F.2d 20, 26

---

1. It appears that Alter's acceptance of responsibility may have been credited twice, once in calculating the base offense level of 10, and again in calculating the total offense level of 25.

A total offense level of 27 would have resulted in a sentence range of 70–87 months. The district court is, of course, free to reconsider this on remand.

(2d Cir.1992) (quoting *United States v. Stephenson,* 921 F.2d 438, 441 (2d Cir.1990)).

This argument fudges two discrete aspects of the *Kim* opinion. Neither *Rodriguez* nor *Campbell* limited in any way *Kim's* directive regarding the grouping rules. Rather, both decisions limited *Kim* only to the extent that we required district judges to give specific reasons for their rejection of *each* intermediate offense level in making a multiple offense level upward departure. *Rodriguez,* 968 F.2d at 139–40; *Campbell,* 967 F.2d at 25–26.

Here, by contrast, we review a district judge's failure to apply the grouping rules at all. We have never limited *that* aspect of *Kim.* Indeed, in *Rodriguez,* 968 F.2d at 140, we stated that:

> when conduct not taken into account by the Guidelines provisions applicable to the defendant provides the basis for an upward departure, the court should not arrive at a sentence that exceeds the penalty that would have been imposed had the defendant been sentenced under other Guidelines provisions that do take the same or similar conduct into account.

Because the district court failed to apply the multi-count analysis to the analogous offenses it had identified, as mandated by *Kim,* Alter must be resentenced.

Application of the grouping rules to the offense levels assigned by the district court to Alter's abuse of the warder/inmate relationship (11 levels) and to Alter's provision of drugs and money (or drugs alone) to Donald V. (3 levels) would result in an adjusted increase of, at most, four levels. *See* U.S.S.G. §§ 3D1.1–3D1.5. That four-level departure, when added to the three-level departure for disruption of Manhattan House and the federal corrections systems, a non-groupable offense, would result in a combined offense level of 17, for a sentencing range in Alter's criminal history category of 24–30 months. U.S.S.G. sentencing table.

This should not be construed as a holding that the appropriate sentence for Alter must lie within the 24–30 month range. The district court, upon remand, retains its broad discretion to depart upwards beyond the seven levels dictated by application of the grouping rules to the analogous offenses discussed above. Such further departures are specifically contemplated in *Kim:*

> If the offense of conviction or the other acts of misconduct warranting a departure are accompanied by aggravating factors not adequately considered by the Commission in setting the guideline ranges for the offense of conviction or the various acts of misconduct considered under the multi-count analysis, a departure beyond the aggregate guideline range would still be available despite the use of multi-count analysis.

*Kim,* 896 F.2d at 685; *see* 18 U.S.C. § 3553(b). And, of course, the district judge remains free to reevaluate all aspects of the sentencing that were not ruled on in this appeal.

For the foregoing reasons, we vacate and remand for resentencing.