**James Ned GRUBB, Movant,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 2:94–0185.
Cr. No. 2:92–00047–01.

United States District Court,
S.D. West Virginia,
Charleston Division.

July 22, 1994.

Rebecca A. Baitty, Lutz, Webb, Partridge, Bobo & Baitty, P.A., Sarasota, FL, for movant.

Rebecca A. Betts, U.S. Atty., Charleston, WV, for respondent.

### *MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

This action was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Report–Recommendation was filed on June 15, 1994, the Respondent's objections were filed on June 24, 1994, and the Movant's objec-

tions to the Report–Recommendation were filed on June 28, 1994.

Having reviewed *de novo* those portions of the Magistrate Judge's Report–Recommendation to which Movant objects, the Court concludes the Movant's objections are without merit. The Court concludes, however, the Respondent's objections are meritorious.

Movant was convicted of seven counts of an eight-count indictment in this Court in 1992. Upon appeal to the Fourth Circuit Court of Appeals, Movant challenged, *inter alia*, his sixty-five month sentence under the sentencing guidelines. The Court of Appeals held as follows:

> "The final issues on appeal involve Grubb's sentencing under the Guidelines. The government contends that the defendant, by failing to object to the sentencing computation, waived appellate review by the court. We agree. Absent plain error, appellate review of a sentence is waived when the defendant fails to object to the sentence calculation in the district court. See *United States v. Davis*, 954 F.2d 182, 187 (4th Cir.1992). This rule, however, is not inflexible and may be relaxed to prevent plain error in the sentencing 'so obvious and substantial that failure to notice and correct it would effect the fairness, integrity or public reputation of judicial proceedings.' *United States v. Fant*, 974 F.2d 559, 565 (4th Cir.1992). We find no plain error warranting an exception to the waiver doctrine." *United States v. Grubb*, 11 F.3d 426, 440–41 (4th Cir.1993).

Movant also claimed he was denied effective assistance of counsel. The Court of Appeals stated its usual refusal to consider such claims on direct appeal, and "decline[d] to consider the same and d[id] not express an opinion on that question. *United States v. Grandison*, 783 F.2d 1152, 1156–7 (4th Cir.), *cert. denied*, 479 U.S. 845, 107 S.Ct. 160, 93 L.Ed.2d 99 (1986)." *United States v. Grubb, supra*, 11 F.3d at 441.

Following the affirmation of this Court's sentencing order by the Court of Appeals, *United States v. Grubb, supra*, Movant filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The government responded. Judge Hogg then issued his Report–Recommendation, recommending the Court grant the motion and resentence the Movant. Relying on the unpublished opinion [1] of the Fourth Circuit Court of Appeals in *United States v. Miles*, 966 F.2d 1445 (Table), 1992 WL 119849 (4th Cir.1992), Judge Hogg reasoned that the Movant was denied effective assistance of counsel when his trial counsel failed to object to the grouping of offenses under the Guidelines for sentencing purposes. Movant contends, and Judge Hogg agrees, that Movant would have received a lower sentence had the offenses been grouped differently.

The government objects to the Report–Recommendation on the ground that the issue presented in Movant's motion was litigated upon appeal, and may not now be reasserted in this petition for collateral relief. The Court agrees. This Court is guided by the case *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir.1976). Therein, the Court of Appeals acknowledged issues *raised for the first time* in a collateral attack may be considered pursuant to 28 U.S.C. § 2255. However, the Court held a defendant may not recast, under the guise of collateral attack, questions fully considered and previously decided by the Court of Appeals. *Id.* at 1183.

It is clear the Court of Appeals addressed whether the Movant waived his right to appeal the sentencing computation by failing to object to the calculation at the time of sentencing. *United States v. Grubb, supra* at 440–41. The Movant presented the precise argument made here to the Court of Appeals: that all three RICO predicate acts should have been grouped together and it was error for the Court to group one of the RICO predicate acts separately. Movant's Supplemental Brief on Appeal to the Fourth Circuit Court of Appeals at 9–12. The Court

---

**1.** Rule 36.6 of the Internal Operating Procedures of the United States Court of Appeals for the Fourth Circuit states:

"Citation of this Court's unpublished dispositions in briefs and oral arguments ... in the district courts within this Circuit is disfavored, except for the purpose of establishing res judicata, estoppel, or the law of the case."

of Appeals found no plain error in the sentencing calculation. *Id.* The Movant now attempts to recast, under the guise of collateral attack, a question fully considered and previously decided by the Court of Appeals. Therefore, pursuant to *Boeckenhaupt v. United States, supra* at 1183, Movant is barred from collaterally attacking his sentencing computation.[2]

■ Moreover, relief under § 2255 may be granted only if a defendant can show an error of such magnitude as rises to a constitutional level, or that prejudice to the defendant violates principles of fundamental fairness. Such a burden is greater than the burden of proving "plain error." *Murray v. Carrier,* 477 U.S. 478, 493–94, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986); *United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) ("[It is a] well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."); *United States v. Malloy,* 758 F.2d 979, 982 (4th Cir.1985) ("[A] defendant making [a collateral] attack has the burden of meeting a much higher standard [than proving plain error]."); *accord, McQueen v. Garrison,* 619 F.Supp. 116, 131 (E.D.N.C.1985); *Barfield v. Harris,* 540 F.Supp. 451, 461 (E.D.N.C.1982). Because Movant has raised the precise argument rejected under the more favorable "plain error" standard by the Court of Appeals upon direct appeal, *United States v. Grubb, supra,* it is difficult to comprehend how he can now meet the greater burden of proving prejudice imposed for relief under § 2255.

Based upon the foregoing, the Court declines to adopt the Report-recommendation of Judge Hogg; Movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

---

2. The Court notes the unpublished decision in *Miles, supra,* clearly is distinguishable. Although the defendant in *Miles* failed to object to sentencing miscalculations at the time of sentencing, he presented an argument before the Court of Appeals on direct appeal that was distinct and separate from the argument made in his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Miles, supra,* 1992 WL 119849, at *1. Here, the Movant has simply represented the same argument made to and rejected by the Court of Appeals on his direct appeal.