**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth Terry NELSON, Defendant–Appellant.**

No. 93–6418.

United States Court of Appeals, Tenth Circuit.

Oct. 3, 1994.

---

Vicki Miles–LaGrange, U.S. Atty., Oklahoma City, OK, and K. Lynn Anderson, Asst. U.S. Atty., Oklahoma City, OK, were on the brief for plaintiff/appellee.

Howard R. Haralson, Oklahoma City, OK, for defendant/appellant.

Kenneth Terry Nelson filed a pro se brief.

Before TACHA, BRORBY, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Appellant Kenneth Terry Nelson ("Nelson") pled guilty to conspiracy in violation of 18 U.S.C. § 371. Nelson was involved in a "debt reduction scheme" in which he encouraged his victims to purchase bank drafts from nonexistent foreign banks and to send the drafts to their creditors under certified mail as satisfaction of their outstanding debts with those creditors. The victims paid less than face value for the bank drafts. Nelson, and others involved in the scheme, led the victims to believe that the foreign banks were legitimate and that their debts would be paid off.[1] Instead, the drafts were returned unpaid, eventually resulting in some victims' loss of property through foreclosure. The court calculated the victims' losses at $163,864, in property and cash, as funds paid to Nelson and his coconspirators and as

---

1. Nelson also told the victims that a loophole in the Uniform Commercial Code required their creditors to accept the foreign drafts as payment in full once the creditors accepted the certified mail.

property lost through victims' creditors' foreclosure actions.

Nelson was sentenced under the 1992 United States Sentencing Guidelines ("U.S.S.G."). He challenges the sentencing court's finding that he is able to pay approximately $41,000 in restitution, pursuant to U.S.S.G. § 5E1.1, and that he was an organizer or leader of criminal activity that involved five or more participants or was otherwise extensive, pursuant to U.S.S.G. § 3B1.1(a). In a supplemental *pro se* brief, Nelson challenges the court's use of the 1992 rather than the 1988 Sentencing Guidelines to increase his offense level for the losses suffered as a result of a crime of fraud or deceit, pursuant to U.S.S.G. § 2F1.1(b), as violative of the Ex Post Facto Clause.[2] We find no merit to any of the issues Nelson raises; however, for clarification we discuss his Ex Post Facto Clause claim.[3] Applying the "One–Book" Rule, which mandates that we use one set of Sentencing Guidelines for an offense, we hold that Nelson's ex post facto claim fails because his punishment was no harsher under the 1992 Guidelines than it would have been under the 1988 Guidelines.

## DISCUSSION

■ The sentencing court applied the November 1992 Sentencing Guidelines. Nelson asserts that the court should have applied the Guidelines in effect in November 1988 when the offense conduct was last committed. We first note that Nelson did not raise this objection at his sentencing hearing, which normally precludes review by this court. *United States v. Saucedo,* 950 F.2d 1508, 1511 (10th Cir.1991). However, we recognize a narrow exception for plain error. "In order to invoke the exception, the error must be 'particularly egregious.'" *Id.* (quoting *United States v. Frady,* 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982)). "'We will, however, apply the plain error rule less rigidly when reviewing a po-

tential constitutional error.'" *Id.* (quoting *United States v. Jefferson,* 925 F.2d 1242, 1254 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 238, 116 L.Ed.2d 194 (1991)). In *Saucedo* we reviewed an ex post facto claim in the context of a Guidelines sentence and held that such error amounted to plain error. *Id.* at 1516 ("The district court's misapplication of § 3B1.1 results in obvious and substantial error.... [and f]ailure to consider this issue would result in a manifest injustice given the effect that the § 3B1.1(b) adjustment has on defendant's overall prison term.") *But see United States v. Hartzog,* 983 F.2d 604, 608 (4th Cir.1993) (declining to reach Ex Post Facto issue because it was not raised at sentencing hearing). Following Tenth Circuit precedent articulated in *Saucedo,* we will review Nelson's ex post facto claim for plain error.

■ We have held that a sentencing court must use the Sentencing Guidelines in effect at the time of sentencing unless doing so violates the Ex Post Facto Clause. *United States v. Gerber,* 24 F.3d 93, 95–96 (10th Cir.1994); *United States v. Underwood,* 938 F.2d 1086, 1090 (10th Cir.1991); *Saucedo,* 950 F.2d at 1513. The Ex Post Facto Clause is violated if the sentencing court applies a guideline to events occurring before its enactment and the application of that guideline disadvantages the defendant. *Miller v. Florida,* 482 U.S. 423, 430, 107 S.Ct. 2446, 2451, 96 L.Ed.2d 351 (1987); *Gerber,* 24 F.3d at 96.

■ Nelson makes his ex post facto argument with respect to the court's application of U.S.S.G. § 2F1.1(b), which provides for offense level increases commensurate with the loss suffered from fraud and deceit offenses. Under the 1988 version of § 2F1.1(b), a loss of $163,864 yields a six-level increase, whereas the same loss under the 1992 Guidelines yields a seven-level increase. The court sentenced Nelson under the 1992 Guidelines, and thus he received the

---

**2.** Nelson's motion to file a supplemental *pro se* brief is granted. Nelson raises the following additional issues in that brief, which we summarily dismiss as meritless: (1) the court erred in assessing two points for a crime involving more than minimal planning, pursuant to U.S.S.G. § 2F1.1(b)(2); (2) the court erred in assessing one criminal point for a prior misdemeanor, pursuant to U.S.S.G. § 4A1.2(c)(1)(A);

(3) the government breached the plea agreement; and (4) the government sentenced him according to the·1994 Guidelines rather than the 1988 Guidelines.

**3.** We also deny Nelson's July 28, 1994 motion to reconsider our order denying his request to dismiss his counsel.

seven-level increase. The 1988 Guideline Manual was less favorable to Nelson in another respect, however, because it would only allow him a two-level decrease for acceptance of responsibility rather than the three-level decrease he was granted under the 1992 Guidelines.

■ Nelson implicitly asks us to use the 1992 Guidelines for the acceptance of responsibility calculation and the 1988 Guidelines for the offense level increase for the victims' losses. We decline to do so. Instead, we join other circuits in adopting the "One Book" rule. This rule requires that a single Guidelines Manual govern a defendant's sentencing calculation in its entirety. *See* U.S.S.G. § 1B1.11(b)(2) (1992) (requiring the One–Book rule for Guidelines sentencing after the 1992 amendments);[4] *United States v. Springer*, 28 F.3d 236, 237–38 (1st Cir.1994); *United States v. Boula*, 997 F.2d 263, 266 (7th Cir.1993); *United States v. Warren*, 980 F.2d 1300, 1304–06 (9th Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 397, 126 L.Ed.2d 344 (1993); *United States v. Lenfesty*, 923 F.2d 1293, 1299 (8th Cir.), *cert. denied*, 499 U.S. 968, 111 S.Ct. 1602, 113 L.Ed.2d 665 (1991); *United States v. Stephenson*, 921 F.2d 438, 441 (2nd Cir.1990), *But see United States v. Seligsohn*, 981 F.2d 1418, 1424 (3d Cir.1992) (expressly disapproving of the "one-book" rule). Nelson may not select piecemeal from the 1988 and 1992 Guidelines to come up with the most advantageous combination of provisions from the two books, but must instead be sentenced under one Guidelines Manual. We agree with the Second Circuit that "[t]he Sentencing Commission intended the Guidelines to be applied as a 'cohesive and integrated whole.' ... Applying various provisions taken from different versions of the Guidelines would upset the coherency and balance the Commission achieved in promulgating the Guidelines. Such an application would also contravene the express legislative objective of seeking uniformity in sentencing." *Stephenson*, 921 F.2d at 441 (internal citations omitted).

Under the 1988 Guidelines, Nelson could only have received a maximum two-level de-

crease for acceptance of responsibility whereas he received the full three-level decrease allowed under the 1992 Guidelines. Therefore, the court's use of the 1992 Guidelines rather than the 1988 Guidelines did not disadvantage Nelson because he received the same punishment under either version of the Guidelines. Nelson's offense level would be 16 under either the 1988 or the 1992 Guidelines and the incarceration range under both versions of the Guidelines is the same. Thus, Nelson's sentence does not violate the Ex Post Facto Clause and there is no plain error.

Accordingly, we AFFIRM.

---

4. U.S.S.G. § 1B1.11(b)(2) provides:
The Guidelines Manual in effect on a particular date shall be applied in its entirety. The court shall not apply, for example, one guide-

line section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual.