## UNITED STATES COURT OF APPEALS

**Filed 8/22/96**

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BRUCE DAVID CANYON,

      Defendant - Appellant.

No. 95-2129
(D.C. No. CR-94-525-1-JP)
(District of New Mexico)

## ORDER AND JUDGMENT[*]

Before **TACHA**, **REAVLEY**[**] and **LUCERO**, Circuit Judges.

We are asked to resolve a single question regarding the application of the United States Sentencing Guidelines. Bruce David Canyon assaulted his wife with a steak knife at her home on the Kirtland Air Force Base, and was convicted of assault with a dangerous weapon with intent to do bodily harm, under 18 U.S.C. § 113(c). He was

---

[*] At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

thereafter sentenced under the guideline for aggravated assault, which sets a base offense sentencing level of 15. USSG § 2A2.2. In addition, Canyon's sentence was enhanced by four levels for "otherwise using" a dangerous weapon in the assault. USSG § 2A2.2(b)(2). His final offense level was set at 16, because of a three level reduction for acceptance of responsibility. The district court sentenced Canyon to 30 months imprisonment, followed by three years of supervised release. R. I, doc. 29 at 2. Canyon contends that given the nature of his offense, applying both the base offense level of 15 for aggravated assault and the four level enhancement for using a dangerous weapon during the assault amounts to impermissible double counting.

As a threshold matter, we must determine our scope of review over the double counting claim. Canyon objected to the imposition of a four level enhancement recommended by the presentence report for "otherwise using a dangerous weapon". R. I, doc. 26 at 2-3. In the sentencing hearing, Canyon again objected on the same grounds. R. III at 4. However, he did not make the double counting objection he raises on appeal before the district court. Reading the record, it is obvious that Canyon only objected to the four level enhancement under § 2A2.2(b)(2) on the grounds that his conduct in the assault did not justify the enhancement because he did not "otherwise use" the knife during the assault. See R. I, doc. 26 at 2-5; R. III at 8-12, 30, 35.

The specific discussion of the double counting issue was raised only by the government, and then only in the context of a motion for downward departure. See R. III

at 41-43.  Objections to the presentence report must be timely made; otherwise they are deemed waived.  See Fed. R. Crim. P. 32(b)(6)(B); United States v. Ciapponi, 77 F.3d 1247, 1252 (10th Cir.), cert. denied, 116 S. Ct. 1839 (1996); United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir. 1991).  The record is clear that the district court did not treat the double counting issue as a new objection to the presentence report.[1]  See Fed. R.

---

[1]  The issue of possible double counting was raised in a colloquy between the prosecutor, Mr. Martin, and the court in the context of defendant's motion for downward departure, after the court had considered defendant's objections to the presentence report:

> [Mr. Martin]: With respect to -- I believe there was an issue regarding double counting that the base offense level should be 15 and there should be no four level enhancement, and that that would be a basis for downward departure.  I provided the court with a case United States vs. Williams, which I think clearly sets forth the sentencing guidelines and the sentencing commission took into consideration that aggravated assault would contemplate the use of a weapon.  However, they discern that weapons would come in different forms, would be placed to different uses, therefore they provide a gradual increase, in this case the Court has found four would be appropriate given the nature of the circumstances surrounding this case.
>           . . . .
> THE COURT: With respect to the motion for downward departure, the first apparent argument made in the motion as Mr. Martin indicated was that the offense level should not be higher than 15 because the offense to which the Defendant pled guilty already took into account the use of a deadly weapon.
>           I think Mr. Martin is correct that the Fourth Circuit in United States vs. Williams, 954 F.2d 204 cited in 1992 addressed that in detail and pointed out that the various level increases provided for in the sentencing guidelines are appropriate, notwithstanding the fact that the offense involved a dangerous weapon.  So I don't believe that that provides a basis for downward departure.

R. III at 41-43.  Mysteriously, neither Canyon's Motion for Downward Departure, R.I, doc 27, nor his Objections to Presentence Report, R.I, doc 26, makes any reference whatsoever to the double counting claim.

Crim. P. 32(b)(6)(D) ("For good cause shown, the court may allow a new objection to be raised at any time before imposing sentence."); United States v. Hardwell, 80 F.3d 1471, 1500 (10th Cir.) (finding that government waived objection to presentence report by failing to raise issue until sentencing hearing, where the judge made no finding of good cause to allow a new objection), modified on reh'g, 88 F.3d 897 (1996).

Based on this procedural background, the government contends that we lack jurisdiction to review Canyon's claim altogether because the double counting issue arose only within the context of a motion to downward depart. It is of course settled law that we do not have jurisdiction to review the district court's discretionary refusal to downward depart from the guideline sentence. United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.), cert. denied, 510 U.S. 937 (1993). The government is thus correct that we may not review the district court's refusal to downward depart.

That is not the end of the matter, however. Although Canyon did not raise a double counting objection below, we may review the district court's application of the guidelines for plain error. Ciapponi, 77 F.3d at 1252; United States v. Ivy, 83 F.3d 1266, 1297 (10th Cir. 1996); United States v. Nelson, 36 F.3d 1001, 1003 (10th Cir. 1994); see also Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); Saucedo, 950 F.2d at 1511. The plain error exception is used sparingly only to avoid a miscarriage of justice. Saucedo, 950 F.2d at 1511. "In order to invoke the exception, the error must be

'particularly egregious' as well as obvious and substantial." Id. (quoting United States v. Frady, 456 U.S. 152, 163 (1982)) (further quotations and citations omitted). See also United States v. Olano, 113 S. Ct. 1770, 1777 (1993) (errors within the scope of rule 52(b) must be "clear" or "obvious" under current law before the appellate court can correct them).

Under the circumstances of this case, the district court did not commit plain error.

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge