**UNITED STATES of America, Plaintiff,**

v.

**Kenneth F. BOULA and Earl Dean Gordon, Defendants.**

**No. 90 CR 106.**

United States District Court,
N.D. Illinois, E.D.

Sept. 26, 1991.

David J. Stetler, McDermott Will & Emery and Walter Jones, Jr., Chicago, Ill., for defendants.

Debra Devaney, Chicago, Ill., for the U.S.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

## REVISED NOTICE OF GROUNDS FOR POSSIBLE SENTENCING DEPARTURE

In the mid–1970's, the defendants in this matter, Kenneth F. Boula and Earl Dean Gordon, began to operate a venture known as Financial Concepts. The defendants used Financial Concepts to create a number of real estate partnerships and they were quite successful in attracting a large number of investors to those partnerships (approximately three thousand people invested in one or another of defendants' partnerships). The defendants' marketing scheme "targeted", among others, older investors seeking retirement income to supplement their social security payments. The defendants often made themselves "trustees" of investors' IRA's and even obtained powers of attorney from some of their investors.

Financial Concepts was in fact a "Ponzi" or "pyramid" scheme, which eventually collapsed. In fact, the properties marketed by the defendants were not worth nearly the amounts defendants represented them to be; in a number of cases the defendants had never even conveyed title to the properties to the partnerships. Eventually, the defendants began using the money invested for new partnerships to cover the expenses of the older partnerships. Despite the fact that it was becoming more and more difficult to repay their investors, the defendants maintained an extravagant lifestyle, spending even more of their investors money on, among other things, luxury homes and cars, a boat and an airplane.

In March, 1988, the Illinois Secretary of State issued an order prohibiting the defendants from continuing to establish their partnerships. The defendants quickly diverted about $270,000 of their investors' funds to Swiss bank accounts. In April of that year, defendants' investors initiated a class action against them, and the court hearing that action appointed a receiver to control defendants' properties, partnerships and companies. The defendants hid the Swiss bank account from the receiver for a time, and altered company records to hide other improper diversions of investors' funds.

In early 1990 the defendants pleaded guilty to three counts of mail fraud. Later that same year this court sentenced each of them to 108 months of incarceration. That sentence was greater than the amount prescribed by the Sentencing Guidelines and this court articulated at the sentencing hearing three reasons supporting its depar-

ture from the Guidelines. The court of appeals held that two of the grounds upon which this court relied did not justify the departure, but that the third did, and remanded the case for resentencing consistent with its opinion. *United States v. Boula,* 932 F.2d 651 (7th Cir.1991).

Upon the return of the case, this court issued a notice to both the government and the defendants of the possibility of an upward departure at defendants resentencing, pursuant to the Supreme Court's recent decision in *Burns v. United States,* — U.S. —, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991). In that notice, dated July 15, 1991, the court informed the parties that it was considering an upward departure because defendants' crime "involved more than minimal planning and more than one victim, thus warranting upward departure pursuant to Guideline § 2F1.1."

Since issuing that notice, the court has carefully considered the Sentencing Guidelines applicable to this matter, the specific characteristics of defendants' offenses, and the information contained in the latest presentence report. In light of that extensive review, the court finds it appropriate to issue this revised notice, setting forth more fully the considerations which will guide it in sentencing the defendants.

■ The court first considers *which* Guidelines govern defendants' sentence. Generally, courts sentence according to the Guidelines in effect at the time of sentencing, rather than at the time the defendants committed the relevant crime.[1] There are, however, necessary exceptions to this general rule. To apply amendments not in effect at the time the defendant committed the crime, but which would result in an increased sentence for the defendant by raising the "offense level", would violate

the *ex post facto* clause of the Constitution. See generally *Miller v. Florida,* 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).[2]

■ In Messrs. Boula and Gordon's cases two amendments are in issue. The first is an "application note" which, in its amended form, would prohibit the court from departing based upon the large number of defendants' victims and the fact that defendants' crime required "more than minimal planning". The second relevant amendment is a substantive provision which increases the base offense level for crimes involving more than $5 million. The defendants argue that because the application note has been superseded, it is not a valid ground for departure, and that the second amendment is inapplicable because of the ex post facto clause.

The Seventh Circuit has noted (without much discussion) that it is not improper to sentence a defendant according to the guidelines in effect at the time of the crime (rather than at the time of sentencing) if the guidelines in effect at the time of sentencing would have the effect of raising the defendant's base offense level. *U.S. v. Scott,* 914 F.2d 959, 961, n. 2 (7th Cir.1990). In its opinion in Messrs. Boula and Gordon's case, the court noted that the amendment increasing the base offense level did not apply. 932 F.2d at 657, n. 6. The court was more ambiguous on the question whether the superseded application note continued to provide a valid basis for departure. On that point, the court stated in one portion of its opinion that this court's departure based upon the application note was "proper". *Id.* at 656, but in a footnote stated that "this pre-November 1989 Guidelines application note allowing upward departure ... has been superseded. * * * Therefore, this ground for departure given

---

1. 18 U.S.C. § 3553(a)(4) and (5) provides:

   (a).... The court, in determining the particular sentence to be imposed, shall consider—

   *　　*　　*　　*　　*　　*

   (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines ... that are in effect *on the date the defendant is sentenced;*

(5) any pertinent policy statement issued by the Sentencing Commission ... that is in effect *on the date the defendant is sentenced;* (Emphasis added).

2. A criminal law is "ex post facto" if it: 1) applies retroactively to events occurring before its enactment; and 2) disadvantages the defendant affected by it, altering "substantial personal rights". *Miller v. Florida,* 482 U.S. at 430, 107 S.Ct. at 2451.

by the district court would no longer be appropriate." *Id.*, n. 5.

The court is thus faced with a dilemma of sorts. Clearly the court cannot apply the guidelines tables in effect now, which would raise defendants' base offense level due to the amount of money involved in their fraudulent scheme. The question is whether the court is also prohibited from departing based upon the superseded application note. Defendants would have this court use the earlier base offense level and the later application note, thus (not coincidentally) achieving the lowest possible sentencing range.

The defendants offer nothing in support of their argument except for the ambiguous statement in the Seventh Circuit's opinion, discussed above, and it has not decided in any other case the question whether the Guidelines should be applied in the piecemeal fashion suggested by defendants. Other courts, however, have addressed that suggestion—and rejected it. In *United States v. Stephenson*, 921 F.2d 438, 441 (2d Cir.1990) the Second Circuit held that the guidelines were intended to be applied as a "cohesive and integrated whole" and that:

> [A]pplying provisions taken from different versions of the guidelines would upset the coherency and balance the Commission achieved in promulgating the guidelines. Such an application would also contravene the express legislative objective of seeking uniformity in sentencing.

Similarly, the Eighth Circuit has held that the "most reasonable interpretation of these provisions is that they move in concert." *United States v. Lenfesty*, 923 F.2d 1293, 1299 (8th Cir.1991). This court finds these opinions persuasive, and agrees that it would be incoherent, and would frustrate the purpose of the guidelines to apply some provisions from the pre–1989 guidelines and others from the post–1989 guidelines.

Accordingly, the court will sentence the defendants according to *all* the provisions incorporated in the pre–1989 guidelines, including application note 1 to section 2F1.1.

That is not, however, the only possible basis for departure under the pre–1989 guidelines. The court also finds that certain other provisions of the guidelines may warrant an upward departure, and hereby notifies the defendants that it may rely upon these additional grounds in departing upward from the guideline range.

Guideline section 2F1.1(b)(2)(D) [3] provides that "if the offense involved ... violation of any judicial or administrative order, injunction, decree or process" a two-level increase is appropriate. The court will entertain argument at the time of sentencing as to whether this provision applies to the defendants, in light of their behavior after the Secretary of State entered its order of prohibition and the district court appointed a receiver to manage defendants' business affairs.

Section 3A1.1 provides that "[i]f the defendant knew or should have known that the victim of the offense was unusually vulnerable due to age, physical or mental condition, or that the victim was particularly susceptible to the criminal conduct" a two-level increase is appropriate. The court invites argument on the applicability of this provision as well, since it has already noted that the defendants specifically targeted (among others) elderly victims.[4]

### Conclusion

This notice supersedes the earlier notice of the possibility of upward departure issued in this matter. A status hearing will be held on October 11, at which time the parties are to inform the court whether they require a briefing schedule pursuant

---

**3.** All further references to the Guidelines will be to those guidelines in effect prior to November, 1989.

**4.** The court is aware that the application note to this section provides that the section "would not apply in a case where the defendant sold fraudulent securities to the general public and one of

the purchasers happened to be senile." The court believes, however, that this application note would not prevent enhancement if the defendants sold to the general public but also *specifically targeted* the elderly or other particularly vulnerable groups.

to this order, or whether they are prepared to schedule the sentencing hearing.