10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Lee LIPPER, Defendant-Appellant.
 No. 93-50056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 15, 1993.
 
 Before: FLETCHER, PREGERSON and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Lipper appeals the sentence imposed on remand from the Ninth Circuit on the grounds that the district court should have applied the Sentencing Guidelines in effect at the time of resentencing. Because we remanded the case for resentencing only to correct a technical error, we affirm.
 
 FACTS
 
 3
 Appellant Dennis Lee Lipper was charged in a five-count indictment filed August 16, 1988. Count Two charged Lipper with possession with intent to distribute approximately 2,400 pounds of hashish in violation of 21 U.S.C. Sec. 841(a)(1), and Count Five charged Lipper with possession of a firearm by a convicted felon under 18 U.S.C. Secs. 922(a)(1) & 924. On June 26, 1989, Lipper pled guilty to Counts Two and Five of the indictment.
 
 
 4
 With respect to Count Two, the Presentence Report (PSR) calculated Lipper's adjusted offense level as 28, category III, consisting of a base offense level of 34, a 4-point offense level reduction for minimal participation, and a 2-point offense level reduction for acceptance of responsibility. This adjusted offense level called for a sentence within the guideline range of 97 to 121 months. With respect to Count Five, the PSR calculated the base offense level at 9.
 
 
 5
 On September 11, 1989, Lipper was sentenced to a term of 97 months imprisonment followed by 5 years supervised release on Count Two. On Count Five, the court initially sentenced Lipper to 60 months imprisonment but then stated, "On Count Five the court is going to suspend the imposition of sentence." Reporter's Transcript at 22-23 (Sept. 11, 1989).
 
 
 6
 On March 25, 1991, Lipper appealed the sentence to the Ninth Circuit. The only issue raised on appeal was that the district court erred in suspending the sentence for the conviction based on Count Five. Under the United States Code, an individual convicted of an offense under Sec. 922(a)(1) must be sentenced to a term of probation or prison or be fined. 18 U.S.C. Sec. 3551(b). Because suspending imposition of the sentence is not authorized, the district court should have sentenced Lipper to 60 months imprisonment on Count Five to run concurrently with the 97 months imposed on Count Two. U.S.S.G. Secs. 5G1.2(b) & (c), commentary (Oct.1987).
 
 
 7
 The government concurred with Lipper's analysis and in December 1991 the parties filed a joint Stipulation for Limited Remand, in which they asked the Ninth Circuit to remand the case to the district court for "the limited purpose of amending the judgment of commitment to reflect that sentence on Count Five of the Indictment of 60 months be imposed, to be served concurrently with the sentence of 97 months imposed on Count Two of the Indictment." See Stipulation for Limited Remand at 2-3. On August 17, 1992, the parties filed a Renewal of Stipulation for Limited Remand, stating their request to renew the original stipulation.
 
 
 8
 On September 18, 1992, the Ninth Circuit issued an order remanding the case to the district court for resentencing. In issuing the order, the court construed the parties' joint stipulation as a "joint motion for summary reversal" and granted the motion, citing to the November 1991 Guidelines. See Ninth Circuit Order at 1 (Sept. 18, 1992). The court amended its order on September 28, 1992, citing to the Sentencing Guidelines Secs. 5G1.2(b) & (c) and comment (Oct.1987), rather than to the 1991 Guidelines.
 
 
 9
 On November 1, 1992, the 1992 amendments to the Sentencing Guidelines became effective. These amendments provide for a 3-point reduction for acceptance of responsibility. In 1989, when Lipper pled guilty, the guidelines had provided for a 2-point adjustment for acceptance of responsibility.
 
 
 10
 On November 30, 1992, the district court held the hearing to file and spread the mandate. At the hearing Lipper argued that he was entitled to a 3-point reduction in his base level offense under the new Guidelines. The district court rejected Lipper's argument and ruled that the mandate of the Ninth Circuit was limited in scope to correcting the technical error and refused to consider whether any change in Lipper's adjusted offense level was warranted. The district judge vacated the earlier sentence and resentenced Lipper to 97 months imprisonment on Count Two with five years of supervised release and to 60 months imprisonment on Count Five, the latter sentence to run concurrently with the sentence on Count Two.
 
 
 11
 Lipper timely appealed the district court's judgment. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742(a)(2).
 
 STANDARD OF REVIEW
 
 12
 The legality of a sentence is reviewed de novo. United States v. Fine, 975 F.2d 596, 599 (9th Cir.1992) (en banc). Application of the Sentencing Guidelines is also reviewed de novo. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993).
 
 DISCUSSION
 
 13
 Courts must apply the version of the Sentencing Guidelines in effect on the date of sentencing unless the defendant will suffer ex post facto consequences from such an application. United States v. Warren, 980 F.2d 1300, 1304 (9th Cir.1992); U.S.S.G. Sec. 1B1.11 (1992). On resentencing courts also apply the version of the Sentencing Guidelines then in effect unless the amended version results in a harsher sentence. Fagan, 996 F.2d at 1018.
 
 
 14
 Lipper argues that because his sentence was corrected after the 1992 Guidelines became effective, he is entitled to the benefits of the 1992 Guidelines, which increased the reduction for acceptance of responsibility from 2 points to 3 points. The government responds that because the Ninth Circuit only remanded the case to correct a technical mistake in the sentence, the district court was not entitled to consider issues outside of the circuit court's mandate.
 
 
 15
 We agree that the district court was not authorized to apply the 1992 Guidelines on remand. This is not a case in which the defendant challenged the sentence imposed by the district court on the grounds that it was substantively erroneous. Lipper's initial post-sentencing appeal challenged only the district court's erroneous suspension of the sentence on Count Five. In the joint stipulation for limited remand, the parties' sole request was that this court remand to the district court "for the limited purpose of amending the judgment of commitment to reflect that sentence on Count Five of the indictment of 60 months be imposed, to be served concurrently with the sentence of 97 months imposed on Count Two." See Stipulation for Limited Remand at 2-3.
 
 
 16
 Lipper did not raise any substantive challenges to the sentence. He did not challenge factual findings in the PSR, the length of the sentence, the district court's decision to depart or not to depart from the sentencing range, or the district court's calculation of the base offense level or the adjusted offense level. This case is therefore different from most resentencing cases, and from the case cited by Lipper, in which the sentence was remanded because the district court had departed upward from the guideline range for the defendant's "use of force and violence" despite the fact that the offense for which the defendant was convicted already subsumed acts of force and violence. United States v. Smith, 930 F.2d 1450, 1445 (10th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 225 (1991).
 
 
 17
 In light of the limited request made to this court in the initial appeal, we read our order as one instructing the district court to fix the technical error in the sentence pointed out by the parties, and not as an order to resentence completely. The district court did not err in refusing to go beyond a correction of the technical error.
 
 CONCLUSION
 
 18
 Because the district court was only ordered to correct a technical error in the sentence, the district court did not err in refusing to apply the 1992 Guidelines. The sentence imposed by the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3