21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Ray BURNSIDE, Defendant-Appellant.
 No. 93-30214.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1994.*
Decided March 21, 1994.
 
 Before: HUG, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Ray Burnside appeals the sentence he received after pleading guilty to one count of possession of a firearm by a felon. We affirm.
 
 
 3
 Normally, the district court must apply the version of the guidelines in effect on the date of sentencing. United States v. Fagan, 996 F.2d 1009, 1018 (9th Cir.1993); but see United States v. Warren, 980 F.2d 1300, 1304 (9th Cir.1992) (recognizing exception to general rule in cases where amended versions of Sentencing Guidelines are ex post facto), cert. denied, 114 S.Ct. 397 (1993). The 1992 version of the Sentencing Guidelines was in effect on May 28, 1993, when the district court sentenced Burnside, yet Burnside argues, with no explanation, that the district court failed to follow the 1991 version. Burnside's unexplained reliance on the 1991 version of the guidelines is particularly peculiar because during the sentencing hearing his counsel read a portion of the 1992 version of the Sentencing Guidelines.
 
 
 4
 In any event, we conclude the sentence imposed by the district court is a lawful sentence under either the 1991 or 1992 version of the guidelines. Each version instructs the district court that "the sentence for the instant offense shall be imposed to run consecutively to the prior unexpired term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." U.S.S.G. Sec. 5G1.3(c) (Nov. 1991) (emphasis added) (1992 version substituting "undischarged" for "unexpired"). The application notes explain that the district court's goal is a combined sentence "that approximates the total punishment that would have been imposed under Sec. 5G1.2 ... had all the offenses been federal offenses for which sentences were being imposed at the same time." U.S.S.G. Sec. 5G1.3 comment. (n. 4) (Nov. 1991) (contained in note 3 in Nov. 1992 version).
 
 
 5
 The parties do not dispute that had "all offenses been federal offenses" Burnside's sentencing guideline range would have been seventy-seven to ninety-six months. The sentence imposed by the district court requires Burnside to serve approximately eighty-seven months before satisfying both his federal and state convictions.[1] This sentence achieves "a reasonable incremental punishment for the instant offense" as that term is explained in the application notes.
 
 
 6
 Despite the apparent lawfulness of his sentence, Burnside argues that the guideline mandates concurrent sentencing. The plain language of the guideline contradicts this interpretation, however, allowing a sentence under Sec. 5G1.3 to run consecutively with an undischarged term of imprisonment in some instances.[2]
 
 
 7
 Our decision in United States v. Warren, 980 F.2d 1300 (9th Cir.1992), cert. denied, 114 S.Ct. 397 (1993), does not conflict with this interpretation of the guideline. In Warren, we merely acknowledged the apparent agreement between the government and defendant that in that particular case "the 1991 version of section 5G1.3 would mandate that his federal sentence run concurrently with his state sentence." Warren, 980 F.2d at 1303 (defendant sentenced by state to 30 years and by federal court to 30-month consecutive sentence for possession of a firearm by a felon). Moreover, contrasting the 1991 version to its predecessor, we concluded the 1991 version allowed "for much less discretion," implying that some discretion nonetheless remained.
 
 
 8
 Section 5G1.3 does not explicitly require the district court to make any particular findings or to explain its methodology. Moreover, the district court made its sentencing decision fully informed of the time served by Burnside in state custody, the time that would effectively remain to be served as a consequence of this sentence and the applicable guideline range "had all the offenses been federal offenses for which sentences were being imposed at the same time." U.S.S.G. Sec. 5G1.3 comment. (n. 4) (Nov. 1991). The resulting federal sentence creates "a combined sentence that approximates the total punishment that would have been imposed under Sec. 5G1.2." Id.
 
 
 9
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Burnside served approximately 10 months of his 22-month state sentence before he was transferred to federal custody. The 77-month sentence imposed by the district court started upon his transfer to federal custody and ran concurrently with the 12-month balance of his state sentence. Thus, his total term of imprisonment for both the federal and state offenses is 87 months
 
 
 [2]
 In fact, the district court may not have had the authority to run Burnside's federal sentence concurrently with that portion of the state sentence served prior to his transfer to federal custody. See U.S.S.G. Sec. 5G1.3, comment. (n. 3(D)) (Nov. 1992) (lowest sentence in guideline range "to be served concurrently with the remainder of the undischarged term of imprisonment would be the lowest sentence imposable without departure for the instant federal offense"). Thus, Burnside's sentence, the lowest possible sentence in the applicable guideline range, may be the most lenient sentence the district court had the authority to impose. We need not resolve this issue, however, because we conclude that Burnside's sentence is within the lawful range. See United States v. Reed, 914 F.2d 1288, 1290 (9th Cir.1990) (lawful sentence within guideline range is unreviewable)