21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Allen PURGASON, Defendant-Appellant. (Two Cases)
 Nos. 92-30481, 92-30485.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1994.
Decided March 31, 1994.
 
 Before: BROWNING, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. Purgason claims the district court erred in enhancing his sentence under U.S.S.G. Sec. 2B3.1(b)(2) for using a firearm because he also received a statutory enhancement under 18 U.S.C. Sec. 924(c). But Purgason was sentenced for two crimes involving a firearm, a bank robbery and an attempted bank robbery. These crimes occurred on different dates and involved different victims. Purgason received an enhancement under section 924(c) for the attempted bank robbery, and a section 2B3.1(b)(2) enhancement for the actual robbery. There was no double counting.
 
 
 3
 B. While the district court generally applies the version of the Sentencing Guidelines in effect on the date of sentencing, the court here had to apply an earlier version--1990 rather than 1991--in establishing the base offense level to avoid violating the Ex Post Facto Clause. United States v. Cuento, 9 F.3d 1438, 1440 (9th Cir.1993). Once the court decided it was required to use the 1990 Guidelines, it appropriately used the same version to determine the consecutive/concurrent issue. See United States v. Warren, 980 F.2d 1300, 1306 (9th Cir.1992). The district court did not abuse its discretion.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3