34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. FISHER, Trustee, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-36182.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Fisher appeals the dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2255. He argues that the sentence imposed for his conviction of three counts of offenses involving possession and transfer of a firearm was outside the maximum sentence allowable under the United States Sentencing Guidelines. We have jurisdiction pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * In October 1990, a jury convicted Fisher of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1); possession of an unregistered firearm in violation of 26 U.S.C. Secs. 5841, 5861(d) and 5871; and transfer of a firearm in violation of 26 U.S.C. Secs. 5812, 5861(e) and 5871. He was sentenced February 8, 1991, to a term of 71 months imprisonment.
 
 
 4
 The district court sentenced Fisher pursuant to the 1989 version of the Guidelines.[1] Under U.S.S.G. Sec. 3D1.2(a), counts that involve the same victim and the same act or transaction are considered counts "involving substantially the same harm" and are grouped together into a single group for sentencing. The district court grouped Fisher's counts together and sentenced him under Sec. 2K2.1(a)(1), which provided for a base offense level of 16 "if the defendant is convicted under 18 U.S.C. Sec. 922(o) or 26 U.S.C. Sec. 5861."
 
 II
 
 5
 Fisher argues that the district court applied the wrong Guideline section in sentencing him. He argues that the court should have applied Guideline Sec. 2K2.1(a)(2) for his conviction of 18 U.S.C. Sec. 922(g)(1), and Sec. 2K2.2 for his conviction of 26 U.S.C. Secs. 5861(d) and (e).
 
 
 6
 We review de novo the district court's interpretation and application of the Guidelines. United States v. Carrillo, 991 F.2d 590, 591 (9th Cir.1993).
 
 
 7
 Fisher's arguments are without merit. Section 2K2.1(a)(2) of the 1989 Guidelines set an offense level of 12 "if the defendant is convicted under 18 U.S.C. Sec. 922(g)." Although Fisher was convicted of one count involving 18 U.S.C. Sec. 922(g), his other counts included violations of 26 U.S.C. Sec. 5861. Because the district court is to apply the offense level for the most serious of the grouped-together counts, see U.S.S.G. Sec. 3D1.3(a), the court properly set Fisher's offense level at 16 pursuant to Sec. 2K2.1(a)(1) for his violations of 28 U.S.C. Secs. 5861(d) and (e).[2]
 
 
 8
 Section 2K2.2 provided an offense level of 16 "if the defendant is convicted under 18 U.S.C. Sec. 922(o) or 26 U.S.C. Sec. 5861." Thus, even if the district court would have applied Sec. 2K2.2, Fisher's offense level would have been the same.[3] The district court properly dismissed Fisher's petition.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although a district court usually applies the Guidelines in effect at the time of sentencing, to do so in this case would have violated the Ex Post Facto Clause because the Guidelines were amended effective November 1, 1990, to provide a higher offense level for the offenses of which Fisher was convicted. See United States v. Warren, 980 F.2d 1300, 1304 (9th Cir.1992). The district court properly applied the Guidelines in effect at the time of the offenses. See id
 
 
 [2]
 Guidelines Secs. 2K2.1 and 2K2.2 did not distinguish between violations of separate subsections of 28 U.S.C. Sec. 5681, but rather set the same offense level for violations of any of the subsections
 
 
 [3]
 In arguing for an offense level of 12, Fisher erroneously relies on an older Guideline version of Sec. 2K2.2, which was amended to provide an offense level of 16 effective November 1, 1989