42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mihai POPESCU, Defendant-Appellant.
 No. 94-10063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Nov. 16, 1994.
 
 1
 Before: SCHROEDER and RYMER, Circuit Judges, and DWYER, District Judge*.
 
 
 2
 MEMORANDUM**
 
 
 3
 Mihai Popescu appeals his conviction and sentence following his guilty plea to one count of shipping unapproved drugs and aiding and abetting, 21 U.S.C. Secs. 331(d), 333(a)(2), and 18 U.S.C. Sec. 2(a), and one count of smuggling merchandise and aiding and abetting, 18 U.S.C. Sec. 545 and 18 U.S.C. Sec. 2(a). Popescu contends that the district court lacked jurisdiction because the indictment was not returned in open court. He argues also that the sentence should be vacated because the district court erred in determining relevant conduct pursuant to United States Sentencing Guidelines Sec. 1B1.3, and in applying a post-offense edition of the Sentencing Guidelines in violation of the Ex Post Facto Clause. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 Fed.R.Crim.P. 6(f) provides that "[t]he indictment shall be returned by the grand jury to a federal magistrate in open court." The record shows that the indictment against Popescu was returned in a magistrate judge's chambers. The rule is that "errors in the grand jury indictment procedure are subject to harmless error analysis unless 'the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair.' " United States v. Lennick, 18 F.3d 814, 817 (9th Cir.1994) ( quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 254-57 (1988)). Popescu does not claim prejudice as a result of the indictment's having been returned in a magistrate judge's chambers rather than in open court. The procedural defect constituted harmless error. Moreover, Popescu failed to raise the issue before trial (or before pleading guilty) as required by Fed.R.Crim.P. 12(b)(1). See United States v. Kahlon, No. 93-10741, slip op. at 12860 (9th Cir. Oct. 20, 1994).
 
 
 5
 The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Ogbuehi, 18 F.3d 807, 814 (9th Cir.1994). A district court's factual determination that behavior is "relevant conduct" under the Guidelines is reviewed for clear error. Id.
 
 
 6
 In enacting 28 U.S.C. Sec. 994(c)(2), Congress authorized the Sentencing Commission to promulgate guidelines that take into account "the circumstances under which the offense was committed which mitigate or aggravate the seriousness of the offense." The relevant conduct provisions further this objective. United States v. Wong, 2 F.3d 927, 929 (9th Cir.1993). Under the 1993 Guidelines, Sec. 1B1.3(a)(1), the offense level should be based on
 
 
 7
 (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
 
 
 8
 (B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity....
 
 
 9
 In this case the district court found that Popescu's relevant conduct included acts carried out by his father pursuant to a joint undertaking between the two. The evidence of record supports this finding. The court properly considered acts that were not charged but were part of the same course of conduct for which the defendant was convicted. See United States v. Smith, 991 F.2d 1468, 1471 (9th Cir.1993).
 
 
 10
 In general, district courts should apply the Sentencing Guidelines that are in effect on the date of sentencing. 18 U.S.C. Sec. 3553(a); United States v. Johns, 5 F.3d 1267, 1269 (9th Cir.1993). The Ex Post Facto Clause, however, prohibits the use of current Guidelines if they would result in a harsher sentence than would those in effect when the offense was committed. United States v. Innie, 7 F.3d 840, 849 (9th Cir.1993); United States v. Warren, 980 F.2d 1300, 1304-05 (9th Cir.1992). Popescu argues that the 1989 edition of the Guidelines should have been used. As the 1989 edition would not have been more helpful to him than the version under which he was sentenced, we assume that he is contending that the Guidelines in effect before November 1, 1989 (i.e., the 1988 edition) should have been used because that version would have resulted in a more favorable calculation. The contention must be rejected, however, because the district court properly found that the relevant conduct continued until on or about June 3, 1992. No edition of the Guidelines in effect after November 1, 1989, contains any difference that would work in Popescu's favor as to relevant conduct or sentencing range. Thus, there was no violation of the Ex Post Facto clause.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable William L. Dwyer, District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3