67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James NORMAN, Jr., Defendant-Appellant.
 No. 94-10577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 11, 1995.*
Decided Sept. 20, 1995.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and QUACKENBUSH, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 James Norman, Jr. appeals his conviction and sentence following his guilty plea to one count of assault. We have jurisdiction over Norman's appeal under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 4
 Norman and four friends, all San Carlos Apache Indians and all but one under the age of eighteen at the time, assaulted another San Carlos Apache so severely that he required surgery on his face and permanently suffers from a droopy eye. Norman pleaded guilty after the district court ruled on a number of pretrial motions. In this court Norman raises four claims of error; we discuss each in turn.
 
 1. Disclosure of the Presentence Report
 
 5
 Norman contends he was not provided with the presentence report in the timely manner prescribed by the federal rules. We reject this argument. Norman waived his objection to the timeliness of the presentence report when his counsel told the district court she had just received it but was nonetheless ready to proceed. She then made Norman's objections to the report. After considering these objections, the prosecutor's response, and Norman's rebuttal, the court asked if there was "any reason why disposition should not now be pronounced?" Norman's counsel responded "No, Your Honor." Id.
 
 
 6
 We conclude Norman waived any claim of error regarding the timing of the disclosure of the presentence report.
 
 2. Breach of Plea Agreement
 
 7
 Norman argues the prosecutor breached the plea agreement by making a "recommendation" at sentencing. At the sentencing hearing, in response to defense counsel's arguments, the prosecutor commented:
 
 
 8
 I recognize as part of the plea agreement in this case I would wouldn't [sic] have any recommendation regarding sentencing and I don't have any recommendation. But to address the objections or characterizations made by defense counsel, I would just like to point out the fact that the presentence report reflects the arrests that have been made of this defendant in the past, and I think that the Court can give whatever weight it wishes to give to those matters that haven't been resolved. Those matters that are still pending, but obviously because there have been arrests that have taken place, I think that is something that the Court can definitely consider and not the reasons why this defendant was singled out or the circumstances surrounding his family relationship in regards to other people on the reservation. I don't think that it is appropriate for this Court to consider, or even the circumstances surrounding the defendant's arrests and whether or not he has brought a civil suit or [sic] violation of his civil rights.
 
 
 9
 And the other thing that I want to point out is that it wasn't just Lambert Bead that implicated the defendant. It was the other perpetrators as well as an individual by the name of [B.D.], who was subpoenaed by the Government to testify to the effect that shortly after the assault occurred the defendant, along with Lambert Bead and I believe [B.H.], arrived at the residence where [B.D.] was. It was within hours, I believe, and that when they arrived at the residence they were laughing and they were joking about what they had just done to the victim in the case, the one that sustained the worst injury, and [B.D.] indicated that all three of them admitted that they had just assaulted the victim in this case. So I think that that is also important with regard to this defendant's involvement in the assault.
 
 
 10
 Reporter's Transcript 11/28/94 at 11-12.
 
 
 11
 The government attempts to justify these comments by relying on cases that stand for the proposition that the prosecutor, despite any plea agreement, must provide truthful information when requested by the court or parole officer. See United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992), amended on other grounds, 990 F.2d 1163 (9th Cir.1993); United States v. Warren, 980 F.2d 1300, 1306 (9th Cir.1992), cert. denied, 114 S.Ct. 397 (1993); United States v. Goldfaden, 959 F.2d 1324, 1328 (5th Cir.1992). These cases are inapposite for two reasons. First, the prosecutor responded to comments by defense counsel rather than a question from the court; second, the prosecutor argued evidence already before the court rather than bringing to the court's attention evidence which it might not have been aware of.
 
 
 12
 As we read the record, there was no reason for the prosecutor to say what she said other than to persuade the judge to give Norman a harsher sentence than that for which Norman's counsel was arguing. In common parlance that is a recommendation. Cf. United States v. Bronstein, 623 F.2d 1327, 1330 (9th Cir.) (finding breach of agreement where prosecutor's remarks did not correct factual misrepresentations by defendant), cert. denied, 449 U.S. 842 (1980). But see United States v. Miller, 565 F.2d 1273, 1274-75 (3d Cir.1977) (distinguishing between government promise to take no position and promise to make no recommendation), cert. denied, 436 U.S. 959 (1978). But this does not end the inquiry.
 
 
 13
 Norman did not object to the prosecutor's comments. We may reverse, therefore, only if the prosecutor's comments amounted to plain error that affected Norman's substantial rights. Fed.R.Crim.P. 52(b); United States v. Olano, 113 S.Ct. 1770, 1777-78 (1993). A necessary component of this standard of review is that the alleged error must have "affected the outcome of the District Court proceedings." Olano, 113 S.Ct. at 1778.
 
 
 14
 The prosecutor's statements did not affect the outcome of the district court proceedings. The prosecutor's comments focused on evidence already before the court, and Norman's counsel responded immediately to the prosecutor's arguments. The district court, in explaining its choice of sentence, pointed to a number of factors other than those commented on by the prosecutor. Moreover, the sentence imposed by the court is well below that authorized by the Sentencing Guidelines and below the maximum set forth in the plea agreement.
 
 
 15
 We hold that the prosecutor's comments did not affect Norman's substantial rights. There was no plain error.
 
 3. Pre-indictment Delay
 
 16
 Along with his codefendants, Norman moved the district court for dismissal of the indictment because of pre-indictment delay. Because the defendants needed to show actual prejudice (their claim was that the memories of witnesses were diminished by the delay), the trial court took their motion under submission pending consideration of the witnesses' testimony at trial. Norman later pleaded guilty. By that plea, he waived any objection to pre-indictment delay. United States v. Broce, 488 U.S. 563, 569 (1989); United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended on other grounds, 907 F.2d 115 (9th Cir.1990).
 
 
 17
 An exception to this waiver rule applies when the district court can determine "from the face of the indictment or from the record, that the government lacked the power to bring the indictment." Montilla, 870 F.2d at 552. Here, the district court ruled it could not determine this from the record; nor can we. The exception does not apply.
 
 4. Major Crimes Act
 
 18
 Norman argues that the district court was without jurisdiction to try him for assault because he was charged under the juvenile delinquency statute. We rejected the same argument, stated in a slightly different fashion, in United States v. Juvenile Male, 864 F.2d 641, 644-45 (9th Cir.1988). Norman was charged with assault, which is a crime listed in the Major Crimes Act, 18 U.S.C. Sec. 1153. The district court, therefore, had jurisdiction.
 
 
 19
 Norman's conviction and sentence are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Justin L. Quackenbush, Senior United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3