78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert E. DESROCHERS, Defendant-Appellant.
 No. 94-50515.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 23, 1996.
 
 1
 Before: NORRIS and WIGGINS, Circuit Judges, and ILLSTON,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 On February 4, 1993, the government filed a three-count information against appellant Robert Desrochers, charging him with two counts of embezzling funds from his employees' pension plan in violation of 18 U.S.C. § 664 and one count of making a false statement in a Medicare cost report in violation of 42 U.S.C. § 1320a-7b. On February 3, 1993, Desrochers entered into a pre-indictment plea agreement with the government. On the same day, Desrochers entered into an agreement to settle the government's civil actions against him. Pursuant to that settlement agreement, Desrochers promised to repay $488,746.72 in Medicare funds lost through his fraud. The settlement agreement and an accompanying promissory note were attached to his plea agreement as exhibits. In his plea agreement, Desrochers also agreed to pay $1,011,253.28 in restitution to his employees' pension plans. Following the terms of the plea agreement, the district court ordered Desrochers to pay a total of $1.5 million (the sum of $488,742.72 and $1,011,253.28) in restitution, under the Victim and Witness Protection Act, 18 U.S.C. § 3663.[1] At the time of sentencing, Desrochers had already paid $1.2 million in restitution, and he owed a balance of $288,742.72 to Medicare.
 
 
 4
 Desrochers argues on appeal that the district court's restitution order is "excessive and unlawful." Relying on Hughey v. United States, 495 U.S. 411 (1990), he argues that the restitution amount cannot exceed the actual losses resulting from his offenses. In this case, he asserts, restitution should not have exceeded $343,918, the amount of losses alleged in the information. We reject this argument. Under the statute, the district court may order restitution "to the extent agreed to by the parties in an plea agreement." 18 U.S.C. § 3663(a)(3).
 
 
 5
 Desrochers argues nonetheless that the district court should not have ordered an amount exceeding $343,918 because under United States v. Soderling, 970 F.2d 529 (9th Cir.1992), cert. denied, 113 S.Ct. 2446 (1993), a defendant must not only agree to a restitution amount greater than actual damages, but also must give that agreement in exchange for the government's promise not to prosecute. We reject this argument, as well. In the plea agreement, Desrochers plainly agreed to pay $1.5 million, and the government agreed not to bring further criminal charges or civil and administrative actions against him.
 
 
 6
 Desrochers also argues that the district court erred in finding that he was able to pay the remaining $288,742.72 he owed to Medicare. Because he is raising this argument for the first time on appeal, we decline to address it. See United States v. Robertson, 52 F.2d 789, 791 (9th Cir.1994).
 
 
 7
 Finally, Desrochers argues that the government engaged in "unfair tactics" by agreeing to recommend a total offense level of 14 during plea negotiations and then arguing for a higher offense level at sentencing. Desrochers argues that he was thereby "lulled" into not seeking a three-level deduction for acceptance of responsibility, which was only available at offense levels higher than 14. We reject this argument. While the 1993 Guidelines provide for a three-level reduction, the 1988 Guidelines, under which Desrochers was sentenced, provide for a two-level reduction. U.S.S.G. § 3E1.1. The decision to be sentenced under the 1988 Guidelines bound Desrochers to consistent use of those Guidelines. United States v. Warren, 980 F.2d 1300, 1306 (9th Cir.1992), cert. denied, 114 S.Ct. 397 (1993). The Guidelines amendment providing for a three-level reduction does not have retroactive effect. United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir.1993).
 
 
 8
 Desrochers' sentence is AFFIRMED.
 
 
 
 *
 The Honorable Susan Y. Illston, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 3663 provides:
 The court, when sentencing a defendant convicted of an offense under this title ... may order, in addition to or, in the case of a misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense.
 18 U.S.C. § 3663(a)(1).