**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodolfo SOLIS–CARRERA,**
**Defendant–Appellant.**

No. 00–10582.

D.C. No. CR–00–00033–DWH(RAM).

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2001.*

Decided Aug. 23, 2001.

Before POLITZ,** KOZINSKI and O'SCANNLAIN, Circuit Judges.

**MEMORANDUM ***

As the government concedes, the district court erred in entering a judgment reflect-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Henry A. Politz, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ing that defendant was convicted of both 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). On remand the district court shall correct the judgment to reflect conviction of only the former offense.

The district court did not abuse its discretion in sentencing defendant consecutively. *See United States v. Warren*, 980 F.2d 1300, 1306 (9th Cir.1992), *cert. denied*, 510 U.S. 950, 114 S.Ct. 397, 126 L.Ed.2d 344 (1993); U.S. Sentencing Guidelines Manual § 5G1.3(c). The two-point downward departure accounted for the time defendant served on his state sentence.

Nor did the district court err in failing to submit defendant's sentence enhancement to the jury. Defendant's prior felony conviction is a sentencing factor, not a separate criminal offense requiring jury deliberation. *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000), *amended on grant of reh'g* (Feb. 8, 2001), *cert. denied*, —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

**AFFIRMED IN PART; REVERSED IN PART.**